

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00076-CR

DAVID ALAN THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28216

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Pursuant to a plea agreement, David Alan Thomas pled guilty to manufacturing, delivery, or possession of a controlled substance in Penalty Group 1, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Supp.). Thomas also pled true to both of the State's habitual punishment enhancement paragraphs. *See* TEX. PENAL CODE ANN. § 12.42(d) (Supp.). The trial court placed Thomas on deferred adjudication community supervision. The State moved to adjudicate on the basis that Thomas had violated the terms of his community supervision by failing to pay certain fees and failing to perform community supervision. Thomas pled true to both allegations, and the trial court moved forward with a hearing on punishment. After an evidentiary hearing, the trial court found the allegations true, revoked Thomas's deferred adjudication community supervision, and adjudicated him guilty of manufacturing, delivery, or possession of a controlled substance in Penalty Group 1. The trial court sentenced Thomas to thirty-five years' imprisonment, plus court costs of $163.00 and $122.00 of "Appt Atty Fees." Thomas appeals.

Thomas's counsel filed a motion to withdraw as Thomas's counsel on appeal, stating that he thoroughly read and reviewed the entire appellate record and researched the potential grounds for appeal, but was unable to advance any error warranting a reversal of the trial court's adjudication of Thomas's guilt, or any other form of relief. Thomas's counsel also filed a brief in support of his motion to withdraw (the *Anders* brief). *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*,

573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). In the *Anders* brief, counsel set out the procedural history of the case. Counsel also provided a review of the sufficiency of the State's allegations and of the evidence supporting revocation and the legality of the sentence imposed, with citations to the record and applicable case law. Counsel concluded there was no non-frivolous argument to be raised with respect to any of these issues.

Counsel filed a separate certification stating that he sent a letter to Thomas explaining the meaning and effect of an *Anders* brief, a copy of the brief, the motion to withdraw, and the clerk's and reporter's records. Also, in his motion to withdraw, counsel informed Thomas that he had a right to file a pro se response to the motion to withdraw, which was due within thirty days of July 31, 2025, and instructed Thomas on how to file such a response.

On August 1, 2025, we informed Thomas that his pro se brief was due on or before September 2. On September 11, 2025, we informed Thomas that the case would be submitted on October 2. We did not receive a pro se brief from Thomas nor a motion requesting an extension of time in which to file such a brief.

Counsel's actions comply with an appointed counsel's responsibilities when filing an *Anders* brief and a motion to withdraw in accordance with *Kelly v. State*. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). Counsel's professional evaluation of the record demonstrates why there are no arguable grounds to be raised on appeal and meets the requirements of *Anders*. *See Anders*, 386 U.S. at 743–44; *Kelly*, 436 S.W.3d at 318–20.

After our independent review of the entire appellate record, we have independently determined "that there are no non-frivolous grounds for appeal." *See Kelly*, 436 S.W.3d at 318

n.16. In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Thus, we affirm the trial court's judgment.[1]


Jeff Rambin
Justice


Date Submitted:      October 2, 2025
Date Decided:        February 18, 2026

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, Appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.